IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:09CV7-RLV

| | |
|---|---|
| WANDA K. TAYLOR,<br>        **Plaintiff,**<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>**Commissioner of Social Security,**<br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **Memorandum and Order** |

**THIS MATTER** is before the Court on the parties' competing Motions for Summary Judgment. (Document Nos. 10,11,14,15). Also before the Court is a Status Report submitted by Plaintiff-Claimant Wanda K. Taylor ("Taylor") and the Commissioner's Response. (Document Nos. 16, 17).

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler (the "Magistrate Judge") was designated to consider and recommend disposition of the aforesaid motions. In an opinion filed July 5, 2011, the Magistrate Judge recommended that the Plaintiff's Motion for Summary Judgment be <u>denied</u>, that Defendant's Motion for Summary Judgment be <u>granted</u>, and that the Commissioner's decision be <u>affirmed</u>. (Memorandum and Recommendation ("M&R"), Document No. 19 at 23.) Plaintiff, through counsel, filed Objections to the Memorandum and Recommendation on July 15, 2011. (Document No. 20.) Plaintiffs' filing is deemed timely and any specific objections raised by Plaintiffs are considered herein.

## I. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Keeler v. Pea</u>,

782 F. Supp. 42, 43 (D.S.C. 1992). The statute does not require *de novo* review when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. *See* Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315-16 (4th Cir.2005); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.

## II. DISCUSSION

As an initial matter, the Court notes that each of the purported "specific" objections asserted by the Plaintiff is entirely repetitive (*i.e.*, identical to a matter previously addressed by the Magistrate Judge). In other words, Plaintiff's summary judgment arguments are merely labeled "objections."

### A. Weight ALJ Attributed To Treating Physician / Failure To Recontact Treating Physician

Plaintiff complains that the ALJ did not afford the treating physician, Subhash Patel, M.D. ("Dr. Patel"), and his opinion the proper weight. (Pl.'s Objs. 2) (*quoting* Hines v. Barnhart, 453 F.3d 559 (4th Cir.2006)). The gist of Plaintiff's objection is that the evidence as presented by Dr. Patel is undisputed and, therefore, that the ALJ's findings inconsistent with those of Dr. Patel are not worthy of deference. (Pl.'s Objs. 2-3) As noted by the ALJ, the undisputed evidence does *not* favor Plaintiff. Plaintiff Taylor had not been in treatment for almost a year and a half before seeking psychiatric help from Dr. Patel. (Tr. 25) In fact, there is no evidence of treatment for any physical

complaints, including seizures or headaches, from December 2004 to February 2007. (Tr. 25-26) When she sought Dr. Patel's help, Plaintiff failed to mention seizures or headaches during her intake interview. (Tr. 25) Later, Plaintiff suggested that seizures were a current problem and prohibited her from working in November 2006 and February 2007.

Plaintiff contends that the ALJ was required to contact Dr. Patel in order to resolve any alleged ambiguity within the medical record.[1] The authority proffered by Plaintiff Taylor is found at 20 C.F.R. § 505.512(e). Section 505.512(e) reads in pertinent part:

> When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical laboratory diagnostic techniques.

20 C.F.R. § 404.1512(e). Plaintiff argues that the ALJ had an affirmative duty to resolve his questions concerning Dr. Patel's records.

According to Plaintiff, this alleged unresolved ambiguity also serves as the *sole* basis for the ALJ's decision to give less weight to Dr. Patel's opinion than Plaintiff believes is warranted. This claim is also incorrect. The Magistrate Judge correctly stated, "Dr. Patel's own treatment notes contradicted his conclusions about Plaintiff's functional capabilities, and the ALJ properly

---

[1] By way of example, the following statements were identified by the ALJ as being unclear: "[w]hen Dr. Patel writes, 'meds are helping and controls[sic] her behavior a great deal', it cannot be determined whether this is an observation or what the claimant told him," and "he wrote 'psychomotor retardation & depressed mood', but it is not clear whether Dr. Patel observed this or deduced it from what the claimant told him." (Tr. 27)

Page 3 of 8

Case 5:09-cv-00007-RLV -DCK   Document 22   Filed 03/16/12   Page 3 of 8

discounted this opinion." (M & R, 9) Substantial evidence supports the ALJ's decision to give Dr. Patel's opinion less than controlling weight.

### B. Evaluation of Mental Impairments

Plaintiff next challenges the ALJ's characterization of her mental impairments as "mild" for purposes of the applicable regulations, 20 C.F.R. §§404.1520a and 416.920a, when the ALJ also found that Plaintiff suffers from a "severe" impairment of depression and anxiety. (Pl.'s Objs. 3) Plaintiff questions how the two findings can be reconciled.[2] For purposes of clarification, in describing the "severe" impairment at Step 2 of the sequential evaluation process, the ALJ acknowledged the alleged impairments as "severe" *in combination* and identified "allegations of depression / anxiety with marked drug-seeking behavior (Xanax)." (Tr. 20) (*emphasis provided*).

The Magistrate Judge dealt with this issue more than adequately, addressing the procedural and substantive challenges to the ALJ's decision as to mental impairment. (M & R, 10-12) Briefly, the ALJ's evaluation of mental impairments requires inquiry as to the extent the alleged impairment actually inhibits function. Determining the extent of functional limitation is multi-faceted:

> (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. *We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment.*
>
> (2) [The Commissioner] will rate the degree of [claimant's] functional limitation based on the extent to which [] impairment(s) interferes with the ability to function independently, appropriately, effectively, and on a sustained basis. Thus, [Commissioner] will consider such factors as the quality and level of [claimant's] overall functional performance, any episodic limitations, the amount of supervision

---

[2] Plaintiff's objection fails to mention that the "severe" impairment of depression and anxiety was qualified by the ALJ as occurring alongside "marked drug-seeking behavior." (M & R, 5 / Tr. 20)

> or assistance [claimant may] require, and the settings in which [claimant] is able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors [] consider[ed] when we rate the degree of your functional limitation.

20 C.F.R. §§ 404.1520a(c)(1) and (2) (*emphasis added*). Utilizing the rating mechanism within §404.1520a(c)(4), the Commissioner rates the degree of functional limitation in each of the following four broad areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R.§ 404.1520a(c)(3). The ratings are then used to determine the severity of the alleged mental impairment. 20 C.F.R. § 404.1520a(c)(4).

With respect to mental impairment, the ALJ explained the deficiencies in Plaintiff's medical record and the critical role of credibility. (Tr. 26-29) The ALJ observed that based upon Plaintiff's long history of Xanax consumption – that "claimant is a fairly tense individual who becomes more tense and sometimes depressed when under a high level of situational stress." (Tr. 29) The ALJ's finding in this regard was prefaced in this manner: "to give the claimant every possible benefit of the doubt." (Tr. 29) The ALJ noted that much of the behavior Plaintiff identified as limiting was "entirely within her control." (Tr. 30) The lack of evidence demonstrating an inability to function since her alleged onset date or for any sustained period was also mentioned. (Tr. 30) Significantly, the ALJ explained:

> The claimant has had mild impairment of activities of daily living, mild impairment of social functioning, and mild impairment of concentration, persistence, and pace. ***All interference with functioning has been related to [Plaintiff's] drug-seeking behavior***....

(Tr. 31) (*emphasis added*). Because the limitations were deemed "mild" as opposed to "marked", and because there was no evidence of "repeated" episodes of decompensation accompanying a "marked" limitation, there was no medically determinable mental impairment for purposes of the

Page 5 of 8

relevant listings.[3] (Tr. 30) In reaching this conclusion, the ALJ followed the procedure set forth within §404.1520a(d), which requires the ALJ to compare the medical findings (no substantial evidence present here)[4] and the rating of the degree of functional limitation to the criteria of the appropriate listed mental disorder.

Because the actual limitations on functioning attributable to Plaintiff's depression and anxiety were rated as "mild," it is conceivable that the ALJ could have found, based upon substantial evidence, that Plaintiff's mental impairment did not qualify as "severe." A "severe impairment" is "an impairment imposing more than a minimal effect on a claimant's functional capabilities." (Tr. 20) Indeed, the Magistrate Judge explained, "[t]he determination at the second step as to whether an impairment is "severe" under the regulation is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage." Bowen v. Yuckert, 482 U.S. 137 (1987). In light of the relatively low threshold for determining that an impairment is "severe," however, the ALJ's finding at Step 2 is entirely consistent with the "mild" functional limitations. Substantial evidence supports the ALJ's decision concerning the severity of Plaintiff's combined impairments and mild functional limitations attributed to her alleged mental impairment.

**C. Credibility**

With reference to credibility, Plaintiff contends that the Magistrate Judge erroneously accepts post-hoc rationalizations offered by the Commissioner to support the ALJ's findings. The Court disagrees. Given the significant inconsistencies, the ALJ's credibility finding has its support in

---

[3] Under Subsection 404.1520a(c)(4), activities of daily living, social functioning, and concentration, persistence and pace are rated as either: none, mild, moderate, marked or extreme.

[4] The ALJ stated: "[n]o doctor has stated that the record documented an impairment or combination of impairments that medically equals any listing, and the reviewing State agency medical consultants found that it does not." (Tr. 31)

Plaintiff's testimony and medical record. As the ALJ explained at length, Plaintiff's subjective description of what occurs when she experiences a seizure and the record evidence simply do not correspond. Moreover, the record tends to establish an inexplicable pattern of chronic "drug-seeking behavior" by Plaintiff, providing a more than legitimate basis to question credibility. (M & R, 15 / Tr. 21-29)

### D. Subsequent Favorable Disability Decision Dated October 8, 2009

In the instant appeal, the Court reviews the unfavorable decision issued by ALJ Robin R. Palenske ("Palenske") on February 5, 2008. (R. 15-36) In her filing entitled, "Status Report," Plaintiff made the Court aware of a subsequent favorable disability decision issued on October 8, 2009. Apparently, after briefing in this matter was complete, the claimant was awarded disability benefits based upon a later disability onset set.[5] Reportedly, the October 8, 2009 decision found that Plaintiff was disabled <u>as of January 14, 2009</u> – approximately seven years after the initial alleged onset date of February 1, 2002.[6] Plaintiff now suggests that remand is necessary under 28 U.S.C. § 405(g) to reconsider the onset date for disability in light of the favorable decision.

However, because any "new evidence" must relate to the period on or before the date of the administrative law judge hearing decision (*i.e.*, February 5, 2008), 20 C.F.R. § 404.970(b), the Magistrate Judge appropriately found that Plaintiff did not satisfy her burden of demonstrating that the latter has any bearing on the previous finding against disability. *See e.g.*, <u>Allen v. Comm'r of Social Security</u>, 561 F.3d 646, 653 (6th Cir.2009) (claimant's burden to make showing under §405(g) that subsequent favorable decision was supported by new and material evidence that claimant had

---

[5] For purposes of this Court's review, the relevant time period is between February 1, 2002 (alleged onset date) and February February 5, 2008 (date of ALJ Palenske's decision).

[6] Plaintiff failed to provide this Court with a copy of the October 8, 2009 favorable decision.

good cause for not raising in the prior proceeding);[7] Gorham v. Astrue, No. 4:05-CV-00136, 2008 WL 5085086, at *1 (E.D.N.C. 2008) (burden of showing sixth sentence of §405(g) criteria rests with claimant) (*citing* Fagg v. Chater, 106 F.3d 390, at 2 (4th Cir. 1997)). On this record, the subsequent favorable decision has no effect on the instant substantial evidence review.

### E. Plaintiff's "Age 50" Argument Is Waived

Likewise, the Court agrees with the Magistrate Judge that Plaintiff waived any argument not raised earlier via the summary judgment briefing. (M & R, 21)

### III. ORDER

After an independent review of the M & R, Plaintiff's Objections and Status Report, the Commissioner's Reply, and a *de novo* review of this portion of the administrative record, the Court concludes that the recommendations are, in fact, correct and in accordance with the governing law. Accordingly, the findings and conclusions of the Magistrate Judge are adopted for all purposes and hereby incorporated by reference. For these reasons, the Court agrees that substantial evidence supports the Commissioner's October 8, 2009 denial of disability benefits. **IT IS, THEREFORE, ORDERED** that the Commissioner's motion is **GRANTED** and Plaintiffs' motion is **DENIED**. Accordingly, the Commissioner's denial of benefits is hereby **AFFIRMED**.

Signed: March 16, 2012

Richard L. Voorhees
United States District Judge

---

[7] The Sixth Circuit notes in Allen that there is a line of district court cases that adopts the view that a subsequent favorable decision from the Commissioner is itself new and material evidence for purposes of Section 405(g) remand. Allen, 561 F.3d at 654 (*citing* Hayes v. Astrue, 488 F.Supp.2d 560, 565 (W.D.Va.2007), and Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D.W.V.2006)).